UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                                              Case No.  8:04-cr-348-T-24 TGW

PASQUALE ANDRIANO

_____/

**ORDER**

This cause comes before the Court on Defendant Pasquale Andriano's Motion to Dismiss.  (Doc. No. 180).  The Government opposes the motion.  (Doc. No. 197).

Defendant Andriano is charged by the Indictment as participating in a RICO conspiracy. Defendant Andriano makes several arguments in support of his contention that the Indictment should be dismissed.  Accordingly, the Court will address each argument.

**I.  Identification of the Enterprise**

Defendant Andriano argues that the RICO conspiracy charge in the Indictment should be dismissed because it fails to identify the enterprise.  "[T]he definitive factor in determining the existence of a RICO enterprise is the existence of an association of individual entities, however loose or informal, that furnishes a vehicle for the commission of two or more predicate crimes, that is, the pattern of racketeering activity requisite to the RICO violation."  U.S. v. Goldin Indus., Inc., 219 F.3d 1271, 1275 (11th Cir. 2000)(citing U.S. v. Elliott, 571 F.2d 880, 898 (5th Cir. 1978)).  The Government responds that the enterprise is the "crew," which is made up of the defendants.

Defendant Andriano argues that since the "crew" merely refers to the defendants, the Indictment does not allege a proper enterprise, because the "person" and the "enterprise" must be distinct.  The Court rejects this argument.  A defendant can be a person and also be *part* of the enterprise.  See id.  "The prohibition against the unity of person and enterprise applies only when

the singular person or entity is defined as both the person and the only entity comprising the enterprise." Id. (citations omitted).

## II. Relationship Between the Racketeering Activity and the Enterprise

Next, Defendant Andriano argues that the RICO conspiracy charge in the Indictment should be dismissed, because (1) the Indictment fails to allege a relationship between the racketeering activity and the enterprise; and (2) the Indictment fails to distinguish between the racketeering activity and the enterprise. The Court rejects these arguments.

Upon review of the Indictment, the Court find that the Indictment sufficiently alleges a relationship between the racketeering activity and the enterprise. Furthermore, the Court finds that the Indictment alleges an enterprise that is distinguished from the racketeering activity. Specifically, the Indictment describes the enterprise as consisting of the crew, and it sufficiently distinguishes the enterprise from the racketeering activity. Additionally, this Court notes that the Eleventh Circuit has rejected the contention that a RICO enterprise must possess an ascertainable structure distinct from the associations necessary to conduct the pattern of racketeering activity. See U.S. v. Weinstein, 762 F.2d 1522, 1537 n.13 (11th Cir. 1985).

## III. Relationship Between the Predicate Acts

Next, Defendant Andriano argues that the RICO conspiracy charge in the Indictment should be dismissed, because there is no showing that the predicate acts are related or have continuity. Defendant Andriano argues that since the Indictment lacks specificity regarding when, where, how, by whom, and to whom the predicate acts were committed, relatedness and continuity cannot be shown. The Court rejects this argument.

Predicate acts must form a pattern, and "in order to prove this pattern, the government must prove that the predicate acts are related to each other and have continuity." U.S. v. Starrett, 55 F.3d 1525, 1543 (11th Cir. 1995)(citations omitted). "Predicate acts are related to each other if they 'have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated

events.'" Id. (quoting Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 n.14 (1985)). "Predicate acts demonstrate continuity if they are either 'a closed period of repeated conduct,' or 'past conduct that by its nature projects into the future with a threat of repetition.'" Id. (quoting H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 241 (1989)).

Continuity and relationship of racketeering acts are not essential elements of a RICO conspiracy. U.S. v. Cuong Gia Le, 310 F. Supp.2d 763, 775(E.D. Va. 2004)(citations omitted). While the Government must prove both continuity and relationship to prove a pattern of racketeering activity at trial, neither continuity nor relationship need to be alleged in the indictment. See id. (citations omitted); see also U.S. v. Mavroules, 819 F. Supp. 1109, 1118-1119 (D. Mass. 1993). As such, the Court rejects Defendant Andriano's argument on this issue.

**IV. Specificity of the RICO Conspiracy Allegations**

Next, Defendant Andriano argues that the RICO conspiracy charge in the Indictment should be dismissed, because the Indictment lacks specificity with regards to: (1) the time period of the conspiracy, (2) when each defendant joined the conspiracy, (3) when and where the predicate acts or agreements occurred, (4) who committed each predicate act, (5) the identification of the victims, (6) the identification of the *modus operandi* for each offense, and (7) the identification of all of the co-conspirators. The Court rejects this argument.

Indictments are only required to provide a minimum level of detail; they are only required to provide such detail as is necessary to "adequately apprise the defendant of the charges, thereby enabling him to prepare his defense." U.S. v. Smith, 230 F.3d 300, 306 (7th Cir. 2000)(citations omitted). As such, the Court rejects Defendant Andriano's argument that the Indictment lacks the requisite specificity. See, e.g., U.S. v. Steele, 178 F.3d 1230, 1234 and n.1 (11th Cir. 1999)(stating that when charging a defendant in participating in a conspiracy, the government may refer to a certain duration of time and noting that alleging that an offense occurred within a judicial district was sufficient to describe the location of the offense); U.S. v. Yonn, 702 F.2d 1341, 1348 (11th Cir. 1983)(stating that alleging that an offense occurred "in the

Northern District of Florida and elsewhere" was sufficient to describe the location of the offense); U.S. v. Glecier, 923 F.2d 496, 500 (7th Cir. 1991)(stating that specific predicate acts that the defendant agreed personally to commit do not need to be alleged in a RICO conspiracy charge).  The Court notes that Defendant Andriano has filed a motion for a bill of particulars and that the Magistrate Judge has granted it to the extent that the Government must provide Defendant Andriano with information regarding the criminal acts that the Government intends to prove at trial, along with the location and date of each act.

Accordingly, it is ORDERED AND ADJUDGED that Defendant Pasquale Andriano's Motion to Dismiss (Doc. No. 180) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of May, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record